**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DESMOND WITHERSPOON,<br><br>　　　　　　　　　　Plaintiff,<br>　　　v.<br><br>CAPITAL ONE,<br><br>　　　　　　　　　　Defendant. | Civil Action No. 15-1140 (SRC)<br><br>**OPINION AND ORDER**<br><br>**TO ALSO BE FILED IN:** |

| | |
|---|---|
| 1:14-cv-07548 | 2:15-cv-01375 |
| 1:14-cv-07682 | 2:15-cv-01381 |
| 1:14-cv-08008 | 2:15-cv-01415 |
| 1:14-cv-08009 | 2:15-cv-01416 |
|  | 2:15-cv-01417 |
| 2:15-cv-01145 | 2:15-cv-01418 |
| 2:15-cv-01211 | 2:15-cv-01419 |
| 2:15-cv-01213 | 2:15-cv-01420 |
| 2:15-cv-01215 | 2:15-cv-01421 |
| 2:15-cv-01243 | 2:15-cv-01422 |
| 2:15-cv-01273 | 2:15-cv-01574 |
| 2:15-cv-01274 | 2:15-cv-01575 |
| 2:15-cv-01275 | 2:15-cv-01576 |
| 2:15-cv-01276 | 2:15-cv-01577 |
| 2:15-cv-01277 | 2:15-cv-01580 |
| 2:15-cv-01278 | 2:15-cv-01581 |
| 2:15-cv-01279 | 2:15-cv-01679 |
| 2:15-cv-01280 | 2:15-cv-01680 |
| 2:15-cv-01281 |  |
| 2:15-cv-01282 | 3:15-cv-01066 |

**CHESLER**, District Judge

　　　This matter comes before the Court upon the application of *pro se* Plaintiff Desmond Witherspoon to file a Complaint without paying fees under 28 U.S.C. § 1915.  On February 23, 2015, the Court ordered Plaintiff to show cause as to why his *in forma pauperis* ("IFP") privileges should not be revoked.  For the reasons that follow, the Court finds that Plaintiff has not made such a demonstration, and the Court will accordingly revoke Plaintiff's IFP privileges.

From August of 2014 through the present date, Plaintiff has filed over 200 complaints in the District of New Jersey, all without the prepayment of fees pursuant to 28 U.S.C. § 1915. The complaints are each approximately one page in length, and each contains a one-sentence cause of action without relaying factual information.  See, e.g., Civ. Action No. 14-7365 (pleading "soliciting sex: sexual abuse" against an individual and demanding a "sex contract" as relief).   Plaintiff has sued a large number of corporate defendants, among them the YMCA, Burberry, and Hot 97.  See, e.g., Civ. Action Nos. 14-7943, 15-0126, and 15-0588. Additionally, Plaintiff has filed suit against individuals who are also named Desmond Witherspoon, or some variation thereof.  See Civ. Action Nos. 14-5642, 14-6296, 14-6314, and 15-0221.   In many filings, Plaintiff has requested relief which further suggests that the allegations are frivolous.  See, e.g., Civ. Action No. 14-7948 (demanding "lifetime supply of McDonalds"); Civ. Action No. 15-0706 (demanding a "boxing contestant").   Plaintiff has also improperly filed various complaints on behalf of corporate entities.  See, e.g., Civ. Action Nos. 15-0491, 15-0494, and 15-0832.   For these reasons and for those outlined in each case, the Court has dismissed every complaint that it has reviewed as either frivolous or legally insufficient.   28 U.S.C. § 1915(e)(2).

In light of the volume and content of Plaintiff's filings, on October 21, 2014, the Court issued an order warning Plaintiff that he could be sanctioned if his conduct continued:

> Plaintiff has filed a multitude of one-sentence lawsuits in this Court, without the [prepayment] of fees.   These efforts cumulatively abuse the in forma pauperis procedures set forth under 28 U.S.C. § 1915, and together they waste the Court's resources. The Court advises Plaintiff that pro se litigants are subject to Federal Rule of Civil Procedure 11, which prohibits the filing of frivolous or unsubstantiated claims. It further provides that the Court may sanction parties who violate these restrictions.
>
> [Civ. Action No. 14-6296].

Despite this warning, Plaintiff's submissions continued unabated.  On February 18, 2015, in the instant matter, the Court directed Plaintiff to show cause in writing as to why he should not be enjoined from submitting new filings without first obtaining the Court's permission.

Shortly thereafter, on February 20, 2015, the United States Court of Appeals for the Third Circuit issued an Order, In re: Desmond Witherspoon, C.A. No. 15-8012, which revoked Plaintiff's IFP privileges for appellate filings.  The Court of Appeals determined that Plaintiff had abused the IFP process in light of the "number, content, and frequency" of his appellate submissions.  Significantly, the Court also authorized District Courts to take similar action: "Should the District Courts in this Circuit find after notice and opportunity to respond that Mr. Witherspoon has shown a similar pattern of abuse in district court filings, they are authorized to enter a similar order."  Id.

Accordingly, on February 23, 2015, this Court vacated its initial order to show cause and issued a superseding Order.  In it, the Court expressed "concern[] that Plaintiff is indeed abusing his IFP privileges in District Court" in light of the fact that he "he has filed over two-hundred Complaints which have been dismissed as either frivolous or otherwise improper."  (Docket Entry 3).  The Court directed Plaintiff to show cause by March 10, 2015, in writing, as to "why the Court should not revoke Plaintiff's IFP privileges with respect to all pending and future filings in the United States District Court for the District of New Jersey."  (Id.).

The Court received a response from Plaintiff on February 2, 2015.  It reads:

> My privilege should not be suspended because this is my right. There is also no other option or anything else that could be done. If the court would see fit to [continually] file new cases on my behalf it would be a greatly appreciated gesture.
>
> [Docket Entry 4].

Having considered Plaintiff's submission, the Court finds that this response fails to demonstrate why Plaintiff's IFP privileges should not be revoked.

Having considered both the mountainous volume and the frivolousness of Plaintiff's IFP submissions, the Court agrees with the Third Circuit's finding that Plaintiff has engaged in an "especially abusive" use of IFP privileges.  The Court opts to exercise its authority to curb this abuse.  See In re: Desmond Witherspoon, C.A. No. 15-8012; see also Abdul-Akbar v. Watson, 901 F.2d 329, 333 (3d Cir. 1990) ("When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, we believe it is entitled to resort to its power of injunction and contempt to protect its process.").  Therefore,

**IT IS** on this 10th day of March, 2015,

**ORDERED** that Plaintiff's IFP privileges are hereby revoked for all future and pending cases in the District of New Jersey.  If Plaintiff wishes to proceed with any complaint which is now pending in this Court, he must pay the full applicable filing and docketing fees within fourteen (14) days of the date of this order.  Failure to pay the fees within that time will result in dismissal of each complaint without further notice.  If Plaintiff does not pay the fees within the time allotted, the Clerk of the District Court is directed to close this and all of Plaintiff's pending matters in the District on March 25, 2015, without any further order from this Court.  No extension of time to pay the fees will be granted.  No motion to reopen a case will be docketed unless Plaintiff has paid the filing and docketing fees; and it is further

**ORDERED** that the Clerk of the District Court shall not file a complaint submitted in a civil action filed by Plaintiff unless and until the filing and docketing fees have been paid in full; and it is further

**ORDERED** that this Order covers all cases in which Plaintiff signs the complaint. No cases may be opened in which Plaintiff names a corporation as the suing party unless the corporation is represented by an attorney admitted to the bar of this court and the full filing and docketing fees are paid; and it is further

**ORDERED** that any of Plaintiff's filings in criminal cases or habeas corpus cases are exempt from this order. A habeas corpus petition may be filed if Plaintiff files an accurate IFP affidavit and attaches a copy of the judgment and commitment order or other commitment order he is seeking to attack; and it is further

**ORDERED** that Plaintiff may seek to have this order modified or vacated no sooner than October 1, 2015. In any such motion Plaintiff must show that he has a non-frivolous basis for doing so. Plaintiff may file only one motion to modify or vacate this order in any one year period. The Clerk will not docket more than one motion in a one-year period.

**SO ORDERED.**

    s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: March 10, 2015